CV 14 -3254

ORIGINAL

UNITED STATES DISTRICT COURT AMON, CH.J.
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMAL KAWWA,

Plaintiff,

Civil Docket No.: 14 - 3254 CBA-VVP

-against-

NOTICE OF REMOVAL

TARGET CORPORATION,

Defendant.

------------------------------------------------------------X

To: United States District Court, Eastern District of New York

PLEASE TAKE NOTICE that defendant, Target Corporation, by its attorneys, removes

this case from the Supreme Court of the State of New York, County of Kings, and in support of

removal states, under penalty of perjury:

1.     A civil action brought in a state court of which the district courts of the United

States have original jurisdiction may be removed by the defendant to the district court of the

United States for the district and division embracing the place where such action is pending. 28

U.S.C. § 1441(a).

2.     28 U.S.C. § 1446 requires that a defendant who wants to remove a civil action to

file a notice of removal together with copies of all process, pleadings, and orders served upon it,

within 30 days of receipt of the initial pleadings.

**RELEVANT PROCEDURAL HISTORY**

3.     A civil action was commenced by the plaintiff, Amal Kawwa, against Target

Corporation in the Supreme Court of the State of New York, County of Kings, Index No.

12649/13. A copy of the Complaint is annexed as **Exhibit A**.

4.      The Complaint was filed with the Supreme Court, Kings County, on or about March 5, 2014. It was served on or about March 10, 2014, as noted on the Department of State Notice, which is annexed as **Exhibit A**.

## GROUNDS FOR REMOVAL

5.      The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. § 1332, which allows this Court to hear matters based on diversity of citizenship of the parties.

6.      Target Corporation is a Minnesota corporation with a principal place of business at 100 Nicollet Mall, TPS 2672, Minneapolis, Minnesota 55403. *See* Department of State Record **(Exhibit B)**.

7.      The plaintiff's Complaint alleges that she is a resident of Kings County, New York. **Exhibit A**.

8.      Defendant believes in good-faith that the amount in controversy exceeds $75,000, exclusive of interest and costs, based on the allegations in the plaintiff's Complaint. Moreover, the defendant served a CPLR 3017 Demand with its answer on April 15, 2014, to which the plaintiff has not responded. Answer and CPLR 3017 Demand **(Exhibit C)**.

## CONCLUSION

9.      Removal of this action to the United States District Court is proper under 28 U.S.C. § 1441(a) because the amount in controversy exceeds $75,000, exclusive of interests and costs, and because there is complete diversity of citizenship between the parties. The United States District Court would, therefore, have original jurisdiction over this matter under 28 U.S.C. § 1332 had the action been brought in federal court originally.

10. Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. § 1446(d), as evidenced in the annexed Certificate of Service.

11. Promptly after filing this Notice with the Court and the assignment of a civil docket number, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of Kings, in accordance with 28 U.S.C. § 1446(d).

12. By filing this Notice of Removal, defendants do not waive any defenses, including, without limitation, lack of personal jurisdiction, improper venue or forum, failure to establish damages, all defenses specified in Federal Rules of Civil Procedure 12, or any other defenses.

WHEREFORE, the defendant gives notice that the above-referenced action, pending against them in the Supreme Court of the State of New York, County of Kings, has been removed to this Court.

Dated: New York, New York
May 19, 2014

Marshall Dennehey Warner Coleman & Goggin

Adam C. Calvert (7825)
Attorneys for Defendant
Target Corporation
88 Pine Street, 21st Floor
New York, New York 10005
(212) 376-6414

To:   Brielle C. Goldfaden, Esq.
      Wingate, Russotti, Shapiro
      & Halperin, LLP
      Attorneys for Plaintiff
      The Graybar Building
      420 Lexington Avenue, Ste. 2750
      New York, New York 10170
      (212) 986-7353
      Fax: (212) 953-4308

# EXHIBIT A

State of New York - Department of State
Division of Corporations

Party Served:
TARGET CORPORATION

Plaintiff/Petitioner:
KAWWA, AMAL

TARGET STORES
1000 NICOLLET MALL, TPS 2672
MINNEAPOLIS,  MN 55403

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 03/10/2014 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

Very truly yours,
Division of Corporations

3/28/2014                          000933673F0001                          6020140328010532

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X      Index No.:  3272/2014

AMAL KAWWA,                                                              Date Filed:  3/5/14

                                  Plaintiff,                             **SUMMONS**

        -against-

TARGET CORPORATION,

                                  Defendant.
------------------------------------------------------------------X

        Plaintiff designates Kings County as the place of trial. The basis of venue is plaintiff's
place of residence. Plaintiff resides at 168 92nd Street, 2nd Floor, Brooklyn, New York 11209

To the above-named defendant:

        **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve

a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a

Notice of Appearance, on the plaintiff's attorneys within 20 days after the service of this

Summons, exclusive of the day of service (or within 30 days after the service is complete, if

this Summons is not personally delivered to you within the State of New York); and in case

of your failure to appear or answer, judgment will be taken against you by default for the

relief demanded in the Complaint.

DATED:          New York, New York
                March 3, 2014

                                                         Yours, etc.

                                                         Brielle C. Goldfaden, Esq.
                                                         Wingate, Russotti, Shapiro & Halperin, LLP
                                                         Attorneys for Plaintiff
                                                         420 Lexington Avenue, Suite 2750
                                                         New York, NY 10170
                                                         (212) 986-7353

TO:     TARGET CORPORATION
        (via Secretary of State)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
AMAL KAWWA,

               Plaintiff

-against-

TARGET CORPORATION,

               Defendant.
-----------------------------------------------------------------X

Index No.: 02649/13

Date Filed:

**VERIFIED COMPLAINT**

      Plaintiff, by her attorneys, WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, LLP, as and for her Verified Complaint, upon information and belief, alleges the following:

      1.    At all times hereinafter mentioned, the defendant, TARGET CORPORATION was a domestic corporation duly licensed to do business under the laws of the State of New York.

      2.    At all times hereinafter mentioned, the defendant, TARGET CORPORATION was a foreign business corporation.

      3.    At all times hereinafter mentioned, the defendant, TARGET CORPORATION was a foreign corporation, duly licensed to do business under the laws of the State of New York.

      4.    At all times hereinafter mentioned, the defendant, TARGET CORPORATION was a partnership authorized to do business in the State of New York.

      5.    At all times hereinafter mentioned, the defendant, TARGET CORPORATION was a franchisee authorized to do business in the State of New York.

1

6.   At all times hereinafter mentioned, the defendant, TARGET CORPORATION transacted business within the State of New York, regularly did or solicited business within the State of New York or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of New York and expected or should have reasonably expected its acts to have consequences within the State of New York and/or derived substantial revenue from interstate or international commerce.

7.   At all times hereinafter mentioned, the defendant, TARGET CORPORATION was the owner of a certain premises located at 519 Gateway Drive, County of Kings, State of New York.

8.   At all times hereinafter mentioned, the defendant, TARGET CORPORATION was the lessor of a certain premises located at 519 Gateway Drive, County of Kings, State of New York.

9.   At all times hereinafter mentioned, the defendant, TARGET CORPORATION was the lessee of a certain premises located at 519 Gateway Drive, County of Kings, State of New York.

10.   At all times hereinafter mentioned, the defendant, TARGET CORPORATION was the lessee of a certain premises located at 519 Gateway Drive, County of Kings, State of New York by a written lease agreement.

11.   At all times hereinafter mentioned, the defendant, TARGET CORPORATION its agents, servants and/or employees owned a store at the aforesaid premises.

2

12.    At all times hereinafter mentioned, the defendant TARGET CORPORATE SERVICES, INC. its agents servants and/or employees operated a store at the aforesaid premises.

13.    At all times hereinafter mentioned, the defendant At all times hereinafter mentioned, the defendant, TARGET CORPORATION its agents servants and/or employees managed a store at the aforesaid premises.

14.    At all times hereinafter mentioned, the defendant, TARGET CORPORATION its agents servants and/or employees maintained a store at the aforesaid premises.

15.    At all times hereinafter mentioned, the defendant At all times hereinafter mentioned, the defendant, TARGET CORPORATION its agents servants and/or employees controlled a store at the aforesaid premises.

16.    At all times hereinafter mentioned, the defendant, TARGET CORPORATION its agents servants and/or employees supervised a store at the aforesaid premises.

17.    At all times hereinafter mentioned, the defendant, TARGET CORPORATION its agents servants and/or employees owned, operated, managed, maintained, controlled and supervised the store at the aforesaid premises.

18.    On June 13, 2012, while the plaintiff AMAL KAWWA, was lawfully inside the aforesaid premises located at 519 Gateway Drive, County of Kings and State of New York, she was caused to slip and fall, thereby sustaining serious and severe permanent injuries.

19.    The aforesaid occurrence was caused by the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees in the ownership, operation, management, maintenance, control and supervision of the aforesaid premises

3

without any negligence, carelessness or recklessness on the part of the plaintiff contributing thereto.

20. That this action falls within one or more of the exceptions set forth in Section 1602 of the CPLR.

21. By reason of the foregoing the plaintiff, AMAL KAWWA, sustained serious and severe permanent and personal injuries all to her damage in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**WHEREFORE**, plaintiff demands judgment against the defendant in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Yours, etc.,

Briella C. Goldfaden, Esq.
Wingate, Russotti, Shapiro & Halperin LLP
Attorneys for Plaintiff
420 Lexington Avenue, Suite 2750
New York, NY 10170
(212) 986-7353

4.

## VERIFICATION BY ATTORNEY

Brielle C. Goldfaden, an attorney duly admitted to practice before the Courts in the State of New York, hereby affirms, under the penalties of perjury, as follows:

1. That deponent is the attorney for the plaintiff(s) in the action within; that deponent has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

2. The reason that this verification is not made by plaintiff(s) and is made by deponent is that plaintiff(s) do(es) not reside in the county where the attorneys for the plaintiff(s) have their office.

3. Deponent further says that the source of deponent's information and the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are from investigations made on behalf of said plaintiff(s).

Brielle C. Goldfaden

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

AMAL KAWWA,

Plaintiff,

- against -

TARGET CORPORATION,

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, LLP**
*Attorneys for Plaintiff*
**420 Lexington Avenue**
**Suite 2750**
**New York, New York 10170**
**(212) 986-7353**
*Facsimile (212) 953-4308*

S-470 (Rev. 12/98)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Service Requested

USPS CERTIFIED MAIL

USPS CERTIFIED MAIL

0214 8969 0059 7932 4016 22

2014031702339
TARGET STORES
1000 NICOLLET MALL, TPS 2672
MINNEAPOLIS MN 55403

5020140328010532

0009336730001

3/28/2014

# Exhibit B

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through January 13, 2014.

Selected Entity Name: TARGET CORPORATION
Selected Entity Status Information

| | |
|---|---|
| Current Entity Name: | TARGET CORPORATION |
| DOS ID #: | 1886268 |
| Initial DOS Filing Date: | JANUARY 19, 1995 |
| County: | NEW YORK |
| Jurisdiction: | MINNESOTA |
| Entity Type: | FOREIGN BUSINESS CORPORATION |
| Current Entity Status: | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

TARGET STORES
1000 NICOLLET MALL, TPS 2672
MINNEAPOLIS, MINNESOTA, 55403

**Chief Executive Officer**

GREGG W. STEINHAFEL
1000 NICOLLET MALL
MINNEAPOLIS, MINNESOTA, 55403

**Principal Executive Office**

TARGET STORES
1000 NICOLLET MALL, TPS 2672
MINNEAPOLIS, MINNESOTA, 55403

**Registered Agent**

C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

This office does not record information regarding the
names and addresses of officers, shareholders or
directors of nonprofessional corporations except the
chief executive officer, if provided, which would be
listed above. Professional corporations must include the
name(s) and address(es) of the initial officers, directors,
and shareholders in the initial certificate of incorporation,
however this information is not recorded and only
available by viewing the certificate.

**\*Stock Information**

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

\*Stock information is applicable to domestic business corporations.

**Name History**

| Filing Date | Name Type | Entity Name |
|---|---|---|
| APR 10, 2000 | Fictitious | TARGET STORES |
| APR 10, 2000 | Actual | TARGET CORPORATION |
| JAN 19, 19?5 | Actual | DAYTON HUDSON CORPORATION |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York
State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs  |  Privacy Policy  |  Accessibility Policy  |  Disclaimer  |  Return to DOS
Homepage  |  Contact Us

**Exhibit C**

COPY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------x
AMAL KAWWA,                                    Index No.: 012649/13

                                    Plaintiff,

        -against-                              **VERIFIED ANSWER**

TARGET CORPORATION,

                                    Defendant.
--------------------------------------------------------------x

RECEIVED
KINGS COUNTY CLERK
2014 APR 17 AM 9: 10

        Defendant TARGET CORPORATION,   by its attorneys, Marshall Dennehey Warner

Coleman & Goggin, as and for its Verified Answer to the Summons and Complaint of the

plaintiff, Amal Kawwa, respectfully alleges, upon information and belief as follows:

        1.      Denies the allegations contained in paragraph contained in paragraph "1" of the

Verified Complaint.                                                    .

        2.      Admits the allegations contained in paragraph "2" of the Verified Complaint.

        3.      Admits the allegations contained in paragraph "3" of the Verified Complaint.

        4.      Denies the allegations contained in paragraph contained in paragraph "4" of the

Verified Complaint.                                              .

        5.      Denies the allegations contained in paragraph contained in paragraph "5" of the

Verified Complaint.

        6.      Denies the allegations contained in paragraph contained in paragraph "6" of the

Verified Complaint, except admits that Target Corporation is a foreign corporation duly licensed

to do business under the laws of the State of New York.

        7.      Admits the allegations contained in paragraph "7" of the Verified Complaint.

        8.      Denies the allegations contained in paragraph contained in paragraph "8" of the

Verified Complaint.                                              .

9.     Denies the allegations contained in paragraph contained in paragraph "9" of the Verified Complaint.

10.     Denies the allegations contained in paragraph contained in paragraph "10" of the Verified Complaint.

11.     Admits the allegations contained in paragraph "11" of the Verified Complaint.

12.     Denies the allegations contained in paragraph contained in paragraph "12" of the Verified Complaint, except admits that Target owned a department store at the location.

13.     Denies the allegations contained in paragraph contained in paragraph "13" of the Verified Complaint, except admits that Target owned a department store at the location.

14.     Denies the allegations contained in paragraph contained in paragraph "14" of the Verified Complaint, except admits that Target owned a department store at the location.

15.     Denies the allegations contained in paragraph contained in paragraph "15" of the Verified Complaint, except admits that Target owned a department store at the location.

16.     Denies the allegations contained in paragraph contained in paragraph "16" of the Verified Complaint, except admits that Target owned a department store at the location.

17.     Denies the allegations contained in paragraph contained in paragraph "17" of the Verified Complaint, except admits that Target owned a department store at the location.

18.     Denies the allegations contained in paragraph contained in paragraph "18" of the Verified Complaint and refers all questions of law to the Court.

19.     Denies the allegations contained in paragraph contained in paragraph "19" of the Verified Complaint and refers all questions of law to the Court.

20.     Denies the allegations contained in paragraph "20" of the Verified Complaint and refers all questions of law to the Court.

2

21.    Denies the allegations contained in paragraph contained in paragraph "21" of the Verified Complaint and refers all questions of law to the Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22.    The Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23.    Plaintiff's claims are barred in whole or in part by the doctrine of comparative negligence and assumption of the risk.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24.    The alleged dangerous condition was open and obvious.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25.    Upon information and belief, any past or future costs or expenses incurred or to be incurred by Plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainly be replaced or indemnified in whole or in part from the collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.  If any damages are recoverable against Defendant Target Corporation, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has or shall receive from such collateral source.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26.    Any injuries suffered by the Plaintiff was caused solely by her own negligence, omissions or culpable conduct and not by any negligence, omissions or culpable conduct of the Defendant.

3

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27.     Plaintiff has failed to name all necessary and indispensable parties in this action.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

28.     If the injuries and damages were sustained by the plaintiff at the time and place and in the manner alleged in the complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the answering Defendant, the amount of such damages shall be diminished in the proportion which culpable conduct attributable to the third parties bear to the culpable conduct which caused the damages pursuant to CPLR § 1601.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29.     If Plaintiff sustained the injuries complained of, which are denied, said injuries were caused in whole or part by the conduct of one or more parties whose conduct this answering Defendant is not responsible for, has no control over, or with whom this answering Defendant has no legal relation.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30.     This answering Defendant is entitled to an offset pursuant to General Obligations Law ("GOL") 15-108.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31.     This answering defendant had no actual or constructive notice of the alleged dangerous condition.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

32.     Plaintiff failed to take all reasonable measures to reduce, mitigate and/or minimize the injuries and damages alleged.

4

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33.  The alleged dangerous condition was *de minimis* in nature.

**WHEREFORE**, the Defendant, TARGET CORPORATION, demands judgment dismissing the Verified Complaint in its entirety, together with the costs, disbursements and attorneys' fees incurred in this action.

Dated: New York, New York
      April 15, 2014

                         Marshall Dennehey Warner Coleman & Goggin

                         Steven M. Christman
                         Attorneys for Defendant
                         Target Corporation
                         Wall Street Plaza, 88 Pine Street, 21th Floor
                         New York, New York 10005
                         (212) 376-6400
                         Our File #:  40142.00105  D80

To:    Brielle C. Goldfaden, Esq.
        Wingate, Russotti, Shapiro
        & Halperin, LLP
        Attorneys for Plaintiff
        The Graybar Building
        420 Lexington Avenue, Ste. 2750
        New York, New York 10170
        (212) 986-7353
        Fax:  (212) 953-4308

**ATTORNEY VERIFICATION**

Steven M. Christman, an attorney duly admitted to practice law in the State of New York,

affirms the following under penalty of perjury:

I am a shareholder with the law firm of Marshall Dennehey Warner Coleman & Goggin,

attorneys for defendant Target Corporation in the action herein. I have read the annexed Verified

Answer and know the contents thereof and the same are true to my knowledge, except those

matters therein which are stated to be alleged on information and belief, and as to those matters I

believe them to be true. The reason why this verification is made by me instead of by defendant

is that defendant is a foreign corporation.

Dated: New York, New York
      April 15, 2014

_____
Steven M. Christman

27/1875667.v1

6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x
AMAL KAWWA,                                                            Index No.: 012649/13

                                              Plaintiff,

             -against-                                                 **DEMAND FOR**
                                                                       **EXAMINATION BEFORE**
TARGET CORPORATION,                                                    **TRIAL OF PLAINTIFF**

                                              Defendant.
------------------------------------------------------------------x

    **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and

Rules, the testimony upon oral examination of the plaintiff DORA CASTRO will be taken before

a notary public who is not an attorney or employee of an attorney for any party of prospective

party herein and is not a person who would be disqualified to act as a juror because of interest or

because of consanguinity or affinity to any party herein, at: **Marshall Dennehey Warner**

**Coleman & Goggin, 88 Pine Street, 21st Floor, New York, New York 10005 on August 13,**

**2014 at 10:00 a.m.**, to give testimony with respect to evidence material and necessary in the

defense of this action:

    All of the relevant facts and circumstances in connection with the accident alleged in the

complaint, including negligence, contributory negligence, liability and damages.

    That the said person to be examined is required to produce at such examination all books,

records, documents and other materials related to the accident.

Dated: New York, New York
     April 15, 2014

                         Marshall Dennehey Warner Coleman & Goggin

                         Steven M. Christman
                         Attorneys for Defendant
                         Target Corporation
                         Wall Street Plaza, 88 Pine Street, 21th Floor
                         New York, New York 10005
                         (212) 376-6400
                         Our File #:  40142.00105  D80

To:    Brielle C. Goldfaden, Esq.
        Wingate, Russotti, Shapiro
        & Halperin, LLP
        Attorneys for Plaintiff
        The Graybar Building
        420 Lexington Avenue, Ste. 2750
        New York, New York 10170
        (212) 986-7353
        Fax:  (212) 953-4308

27/1875677.v1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x

AMAL KAWWA,                                          Index No.: 012649/13

                                    Plaintiff,

             -against-                               **CPLR §3017 DEMAND**

TARGET CORPORATION,

                                    Defendant.
-----------------------------------------------------------------x

      PLEASE TAKE NOTICE that pursuant to CPLR 3017(c), the defendant, Target Corporation, demands that the plaintiff provide a response setting forth the total damages to which the pleader deems herself entitled. A supplemental demand shall be provided by the party bringing the action within fifteen days of the request pursuant to CPLR 3017(c).

Dated: New York, New York
      April 15, 2014

                Marshall Dennehey Warner Coleman & Goggin


                Steven M. Christman
                Attorneys for Defendant
                Target Corporation
                Wall Street Plaza, 88 Pine Street, 21th Floor
                New York, New York 10005
                (212) 376-6400
                Our File #:  40142.00105  D80


To:     Brielle C. Goldfaden, Esq.
        Wingate, Russotti, Shapiro
        & Halperin, LLP
        Attorneys for Plaintiff
        The Graybar Building
        420 Lexington Avenue, Ste. 2750
        New York, New York 10170
        (212) 986-7353
        Fax:  (212) 953-4308

27/1875676.v1

## CERTIFICATE OF SERVICE

I certify that on May 19, 2014, I electronically filed the preceding with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the following:

>Brielle C. Goldfaden, Esq.
>Wingate, Russotti, Shapiro
>& Halperin, LLP
>Attorneys for Plaintiff
>The Graybar Building
>420 Lexington Avenue, Ste. 2750
>New York, New York 10170
>(212) 986-7353
>Fax: (212) 953-4308

Dated: New York, New York
      May 19, 2014

Marshall Dennehey Warner Coleman & Goggin

Adam C. Calvert (7825)
Attorneys for Defendant
Target Corporation
88 Pine Street, 21st Floor
New York, New York 10005
(212) 376-6414

To:   Brielle C. Goldfaden, Esq.
      Wingate, Russotti, Shapiro
      & Halperin, LLP
      Attorneys for Plaintiff
      The Graybar Building
      420 Lexington Avenue, Ste. 2750
      New York, New York 10170
      (212) 986-7353
      Fax: (212) 953-4308

27/1885060.v1

2